# ORPHANS' COURT OF BALTIMORE CITY

Filed May 14, 1891.

IN THE MATTER OF THE ESTATE OF ELIZA MALLOY, DECEASED.

*George R. Gaither, Jr.,* attorney for Malloy.

*Thomas R. Clendinen,* attorney for Boucher.

GANS and EDWARDS, JJ.—

This is a contest between James Malloy, second husband of Eliza Malloy, and Frances Boucher, daughter and only child of the said Eliza by a former marriage, for letters of administration on the estate of the said Eliza Malloy, now deceased.

The death of Eliza Malloy occurred on the second day of May last. At the time of her marriage to James Malloy, 1866, a joint contract was entered into in the form of a deed of trust to one Martha McNulty, to whom was conveyed a house and lot, owned by her and located on Druid Hill avenue, known as No. 185, in this city, and a sum of money amounting to between $8,000 and $9,000, with all the increment thereof, in connection with her furniture, which was afterwards sold and again replaced at her cost, and all other property of every kind which *then* belonged to the said Eliza; which was to be held by the said Martha Mc-

Nulty and her heirs in trust for the sale and separate use of the said Eliza Malloy, free from all control of her husband, to be in no way liable for his debts, and that the rents and profits were to go to the said Eliza exclusively, as if she were a feme sole, with power to the said Eliza, with the concurrence of her trustee (which concurrence was given by a power of attorney from trustee of even date),to sell, dispose of, exchange or encumber the real estate, to receive the income thereof, and also to apply and appropriate the personal estate as she might see fit to do, and also to dispose of the same at her pleasure, by last will, without the assent of her husband, *and in default of any will by her, then said estate was to go to her heirs at law, free from all claims by her said husband.* Then follows the renunciation by the husband, James Malloy, of all claim, right or pretension, of every nature, to any control over or participation in the estate so conveyed and held in trust, each engaging at the same time to support themselves from their own separate means or earnings.

And it was agreed by the respective attorneys in the case that the said deed of trust, dated December 26, 1866, and the power of the attorney from the said Martha McNulty to Eliza Malloy, of the same date, and offered in evidence, were genuine.

It appeared also from the undisputed testimony of Frances Boucher, the daughter and only child of the said Eliza, that her mother had, at the time she made the deed of trust, between $8,000 and $9,000 in bank, which now has increased by interest and dividends to about the sum of $15,000, and that this was all the money of which she died possessed, *except the sum of* $1,700, *which she inherited from her sister two or three years ago,* and which is deposited in the Eutaw Savings Bank.

These are the essential facts which go to make up the present case, out of which the question arises: To which one of the two contestants, the husband or the daughter, does the law require the letters of administration to be granted?

After a careful hearing of the arguments of the respective attorneys, the Court is of the opinion that there are in this case two portions of Eliza Malloy's estate which ought to be sharply distinguished in their relation to the right of administration by these respective applicants; the one comprehending that part of her estate which she owned at the time the trust was created and which was comprehended thereby, and the other which she subsequently acquired and which was not covered by said trust. The first cannot, as it seems to us, be the subject of administration at all, for the reason that it passes under the deed itself to the heirs at law of Eliza Malloy by express limitation, and does not devolve by descent of course of distribution. The word *heirs* in the deed is a word of purchase and not of limitation, the estate in Mrs. Malloy being equitable and the remainder to the heirs being legal. This portion of the estate, being therefore already in the heir, cannot be administered.

As to the second portion of the estate, namely, the $1,700 which Mrs. Malloy acquired subsequently to the deed of trust, the case, in our opinion, is very different. This part, clearly, is not embraced in the trust; and in regard to it we cannot see how the marital rights of the husband to administer on it have been or can be affected. Here we utterly fail, search as we may, to find any authority by which he as husband can be deprived of his rights in this respect. The matter viewed in this light leaves no discretion to the Court, but simply compels it to grant the letters to James Malloy to administer the property acquired by Mrs. Malloy from her sister after the deed of trust has been executed.

It is ordered, therefore, this 14th day of May, 1891, that letters of administration on the property of Eliza Malloy acquired after the said deed of trust was consummated, be granted to James Malloy on his furnishing the usual and required bond, and that the costs of this proceeding be paid out of the estate.